IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAVEN DAMIEN MEADER BURKHOW,<br><br>Defendant. | No. 19-CR-00059-CJW<br><br>**SUPERSEDING INDICTMENT**<br><br>Count 1<br>   21 U.S.C. § 846: Conspiracy to Distribute a Controlled Substance<br><br>Counts 2-6<br>   21 U.S.C. § 841(a)(1): Distribution of a Controlled Substance<br><br>Count 7<br>   21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance<br><br>Count 8<br>   18 U.S.C. § 924(c): Possession of Firearms in Furtherance of a Drug Trafficking Crime<br><br>Count 9<br>   18 U.S.C. § 922(g)(3): Possession of Firearms by an Unlawful User of a Controlled Substance<br><br>Count 10<br>   18 U.S.C. § 922(o): Possession of Machineguns<br><br>Counts 11-12<br>   26 U.S.C. § 5861(e): Transfer of Firearm in Violation of National Firearms Act<br><br>Count 13<br>   26 U.S.C. § 5861(d): Possession of National Firearms Act Firearms Not Registered to Possessor |

)   Count 14
)       26 U.S.C. § 5861(d):  Possession of
)       National Firearms Act Firearms
)       Not Identified by Serial Number
)
)   Forfeiture Allegations

The Grand Jury charges:

## Count 1

**Conspiracy to Distribute a Controlled Substance**

Beginning on or about September 2019, and continuing to on or about April 29, 2019, in the Northern District of Iowa and elsewhere, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

## Count 2

**Distribution of a Controlled Substance**

On or about March 12, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 3

### Distribution of a Controlled Substance

On or about March 14, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 4

### Distribution of a Controlled Substance

On or about April 1, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 5

### Distribution of a Controlled Substance

On or about April 15, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally

distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 6

### Distribution of a Controlled Substance

On or about April 29, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 7

### Possession with Intent to Distribute a Controlled Substance

On or about April 29, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## Count 8

**Possession of Firearms in Furtherance of a Drug Trafficking Crime**

On or about April 29, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly possess firearms, namely:

(1) a Glock Unknown Model, 9x19mm caliber pistol;

(2) a Sig Sauer P365, 9mm Luger caliber pistol;

(3) a Remington 870 Tac-14 Hardwood, 12 gauge firearm;

(4) a Mossberg 930, 12 gauge shotgun;

(5) a PW Arms Izhevsk Mosin-Nagant M91/30, 7.62x54R caliber rifle;

(6) an M16-type, .300 Blackout caliber firearm, a machinegun, equipped with a silencer;

(7) a Sig Sauer P320, 9mm Luger caliber pistol;

(8) a Smith & Wesson M&P 15, 5.56mm caliber rifle equipped with a silencer;

(9) an M16-type, .300 Blackout caliber firearm, a machinegun, equipped with a silencer;

(10) a Ruger SR22, .22LR caliber pistol equipped with a silencer;

(11) an IWI Galil Ace SAR, 7.62x39mm caliber rifle;

(12) a Creative Arms LLC CAAR, Multi caliber rifle;

(13) an Armscor Precision Rock Island Armory M1911-A1-FS, .45 ACP caliber pistol equipped with a silencer;

(14) a Kahr Arms CW45, .45 ACP caliber pistol;

(15) a Charter Arms Undercover, .38 Spl. caliber revolver;

(16) a Kel-Tec Sub-2000, 9x19mm caliber rifle equipped with a silencer;

5

(17) a RPB Industries SAP M10, .45 Auto caliber pistol, a machinegun, equipped with a silencer;

(18) a Savage Arms Ranger, 12 gauge weapon made from a shotgun; and

(19) an FN Herstal SCAR 17S, 7.62x51mm caliber rifle.

Defendant possessed these firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is conspiracy to distribute a controlled substance as alleged in Count One and possession with intent to distribute a controlled substance as alleged in Count Seven of this Superseding Indictment.

This was in violation of Title 18, United States Code, Section 924(c)(1)(A) and 924(c)(1)(B).

## Count 9

**Possession of Firearms by an Unlawful User of a Controlled Substance**

On or about April 29, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW, possessed firearms while being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, namely marijuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, and did so knowingly.

Defendant possessed, in and affecting commerce, the following firearms:

(1) a Glock Unknown Model, 9x19mm caliber pistol;

(2) a Sig Sauer P365, 9mm Luger caliber pistol;

(3) a Remington 870 Tac-14 Hardwood, 12 gauge firearm;

(4) a Mossberg 930, 12 gauge shotgun;

6

(5) a PW Arms Izhevsk Mosin-Nagant M91/30, 7.62x54R caliber rifle;

(6) a Sig Sauer P320, 9mm Luger caliber pistol;

(7) a Smith & Wesson M&P 15, 5.56mm caliber rifle;

(8) a Palmetto State Armory, Multi caliber rifle lower;

(9) a Ruger SR22, .22LR caliber pistol;

(10) an IWI Galil Ace SAR, 7.62x39mm caliber rifle;

(11) an Armscor Precision Rock Island Armory M1911-A1-FS, .45 ACP caliber pistol;

(12) a Kahr Arms CW45, .45 ACP caliber pistol;

(13) a Charter Arms Undercover, .38 Spl. caliber revolver;

(14) a Kel-Tec Sub-2000, 9x19mm caliber rifle;

(15) a RPB Industries SAP M10, .45 Auto caliber pistol;

(16) a Savage Arms Ranger, 12 gauge weapon made from a shotgun; and

(17) an FN Herstal SCAR 17S, 7.62x51mm caliber rifle.

This was in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

## Count 10

### Possession of Machineguns

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed machineguns, namely, three M16-type, .300 Blackout caliber firearms, and a RPB Industries SAP M10, .45 Auto caliber pistol.

This was in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## Count 11

**Transfer of Firearm in Violation of National Firearms Act**

On or about March 14, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly and unlawfully transferred a firearm, namely a silencer, to another person, that was not registered in the National Firearms Registration and Transfer Record.

This was in violation of Title 26, United States Code, Sections 5812, 5841, 5845, 5861(e), and 5871.

## Count 12

**Transfer of Firearms in Violation of National Firearms Act**

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly and unlawfully transferred firearm, namely a machinegun as defined in 5845(b), specifically, a M16-type, .300 Blackout caliber firearm and a silencer, to another person, that was not registered in the National Firearms Registration and Transfer Record.

This was in violation of Title 26, United States Code, Sections 5812, 5841, 5845, 5861(e), and 5871.

## Count 13

**Possession of National Firearms Act Firearms Not Registered to Possessor**

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed firearms as that term is defined in Title 26, United States Code, Section 5845(a), namely:

   (1) four machineguns, specifically, three M16-type, .300 Blackout caliber firearms and a RPB Industries, Model SAP M10, .45 ACP caliber firearm;

   (2) a weapon made from a shotgun having an overall length of less than 26 inches and barrels of less than 18 inches, specifically a Savage Arms Ranger, 12 gauge weapon made from a shotgun; and

   (3) fourteen silencers.

These firearms were not registered to him in the National Firearms Registration and Transfer Record.

This was in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## Count 14

**Possession of National Firearms Act Firearms Not Identified by Serial Number**

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed firearms as that term is defined in Title 26, United States Code, Section 5845(a), namely:

   (1) three machineguns, specifically, three M16-type, .300 Blackout caliber firearms; and

   (2) fourteen silencers.

These firearms were not identified by a serial number.

This was in violation of Title 26, United States Code, Sections 5842, 5861(i), and 5871.

## Forfeiture Allegation 1

The allegations contained in Counts 1-7 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, RAVEN DAMIEN MEADER BURKHOW, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

(1) approximately $840 seized from defendant's person by law enforcement on or about April 29, 2019;

(2) approximately $3910 seized from defendant's residence by law enforcement on or about April 29, 2019;

(3) six gold bars valued at approximately $5,522.50 seized from defendant's safe by law enforcement on or about May 2, 2019; and

(4) approximately $172,970 seized by law enforcement from defendant's safe on or about May 2, 2019.

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

This is pursuant to Title 21, United States Code, Section 853.

### Forfeiture Allegation 2

By virtue of having committed the acts specified in Counts 8-10 of this Superseding Indictment, defendant RAVEN DAMIEN MEADER BURKHOW shall forfeit to the United States any firearm and ammunition involved in or used in the knowing violation of Title 18, United States Code, Sections 922(g), 922(o), and 924(c), including but not limited to the firearms listed in Counts 8-10.

This is pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

### Forfeiture Allegation 3

By virtue of having committed the acts specified in Counts 11-14 of this Superseding Indictment, defendant RAVEN DAMIEN MEADER BURKHOW shall forfeit to the United States any firearm (not ammunition) involved in the violation of Title 26, United States Code, Section 5861, including but not limited to the firearms listed in Counts 11-14.

This is pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

s/Foreperson
_____  6/19/19
Grand Jury Foreperson    Date

PETER E. DEEGAN, JR.
United States Attorney

By: *[signature]*

KYNDRA LUNDQUIST
Assistant United States Attorney

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY
And filed 6/19/2019
ROBERT L. PHELPS, CLERK