IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 19-CR-00059-CJW |
| | ) | |
| Plaintiff, | ) | **SECOND SUPERSEDING** |
| | ) | **INDICTMENT** |
| vs. | ) | |
| | ) | Count 1 |
| RAVEN DAMIEN MEADER | ) | 21 U.S.C. § 846: Conspiracy to |
| BURKHOW, | ) | Distribute a Controlled Substance |
| | ) | |
| Defendant. | ) | Counts 2-6 |
| | ) | 21 U.S.C. § 841(a)(1): Distribution of |
| | ) | a Controlled Substance |
| | ) | |
| | ) | Count 7 |
| | ) | 21 U.S.C. § 841(a)(1): Possession |
| | ) | with Intent to Distribute a |
| | ) | Controlled Substance |
| | ) | |
| | ) | Count 8 |
| | ) | 18 U.S.C. § 924(c): Use and |
| | ) | Possession of Firearm During and in |
| | ) | Furtherance of a Drug Trafficking |
| | ) | Crime |
| | ) | |
| | ) | Count 9 |
| | ) | 18 U.S.C. § 924(c): Use and |
| | ) | Possession of Firearm During and in |
| | ) | Furtherance of a Drug Trafficking |
| | ) | Crime |
| | ) | |
| | ) | Count 10 |
| | ) | 18 U.S.C. § 924(c): Possession of |
| | ) | Firearms in Furtherance of a Drug |
| | ) | Trafficking Crime |
| | ) | |
| | ) | Count 11 |
| | ) | 18 U.S.C. § 922(o): Transfer of |
| | ) | Machinegun |
| | ) | |

1

|  |  |
|---|---|
| ) | Count 12 |
| ) |    18 U.S.C. § 922(o): Possession of |
| ) |    Machineguns |
| ) | |
| ) | Counts 13-14 |
| ) |    26 U.S.C. § 5861(e): Transfer of |
| ) |    Firearm in Violation of National |
| ) |    Firearms Act |
| ) | |
| ) | Counts 15-29 |
| ) |    26 U.S.C. § 5861(d): Possession of |
| ) |    National Firearms Act Firearms |
| ) |    Not Registered to Possessor |
| ) | |
| ) | Counts 30-42 |
| ) |    26 U.S.C. § 5861(i): Possession of |
| ) |    National Firearms Act Firearms |
| ) |    Not Identified by Serial Number |
| ) | |
|  | Forfeiture Allegations |

The Grand Jury charges:

## Count 1

**Conspiracy to Distribute a Controlled Substance**

Beginning on or about September 2018, and continuing to on or about April 29, 2019, in the Northern District of Iowa and elsewhere, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

## Count 2

### Distribution of a Controlled Substance

On or about March 12, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 3

### Distribution of a Controlled Substance

On or about March 14, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 4

### Distribution of a Controlled Substance

On or about April 1, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 5

### Distribution of a Controlled Substance

On or about April 15, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 6

### Distribution of a Controlled Substance

On or about April 29, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## Count 7

### Possession with Intent to Distribute a Controlled Substance

On or about April 29, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW did knowingly and intentionally possess

with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

This was in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## Count 8

### Use and Possession of Firearm During and in Furtherance of a Drug Trafficking Crime

On or about March 14, 2019, in the Northern District of Iowa, defendant

RAVEN DAMIEN MEADER BURKHOW knowingly:

    (1)    possessed a firearm, namely a Glock-type, 9mm Luger caliber semiautomatic pistol equipped with a silencer, in furtherance of a drug trafficking crime; and

    (2)    used a firearm, namely a Glock-type, 9mm Luger caliber semiautomatic pistol equipped with a silencer, during and in relation to a drug trafficking crime

for which he may be prosecuted in a court of the United States, that is distribution of a controlled substance as alleged in Count Three of this Second Superseding Indictment.

This was in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B).

## Count 9

### Use and Possession of Firearm During and in Furtherance of a Drug Trafficking Crime

On or about April 29, 2019, in the Northern District of Iowa, defendant

RAVEN DAMIEN MEADER BURKHOW knowingly:

5

(1) possessed a firearm, namely an M16-type, .300 Blackout caliber firearm, identified as ATF Exhibit 11, equipped with a silencer, in furtherance of a drug trafficking crime; and

(2) used a firearm, namely an M16-type, .300 Blackout caliber firearm, identified as ATF Exhibit 11, equipped with a silencer, during and in relation to a drug trafficking crime

for which he may be prosecuted in a court of the United States, that distribution of a controlled substance as alleged in Count Six of this Second Superseding Indictment.

This was in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B).

## Count 10

### Possession of Firearms in Furtherance of a Drug Trafficking Crime

On or about April 29, 2019, in the Northern District of Iowa, defendant RAVEN DAMIEN MEADER BURKHOW knowingly possessed the following firearms:

(1) Glock Unknown Model, 9x19mm caliber pistol;

(2) Sig Sauer P365, 9mm Luger caliber pistol;

(3) Destructive device commonly known as a pipe bomb;

(4) Remington 870 Tac-14 Hardwood, 12 gauge firearm;

(5) Mossberg 930, 12 gauge shotgun;

(6) PW Arms Izhevsk Mosin-Nagant M91/30, 7.62x54R caliber rifle;

(7) M16-type, .300 Blackout caliber firearm, identified as ATF Exhibit 51, which was: (a) a machinegun, and (b) equipped with a silencer;

(8) Sig Sauer P320, 9mm Luger caliber pistol;

(9) Smith & Wesson M&P 15, 5.56mm caliber rifle equipped with a silencer;

(10) M16-type, .300 Blackout caliber firearm, identified as ATF Exhibit 79, which was: (a) a machinegun, and (b) equipped with a silencer;

(11) Ruger SR22, .22LR caliber pistol equipped with a silencer;

(12) IWI Galil Ace SAR, 7.62x39mm caliber rifle;

(13) Creative Arms LLC CAAR, Multi caliber rifle;

(14) Armscor Precision Rock Island Armory M1911-A1-FS, .45 ACP caliber pistol equipped with a silencer;

(15) Kahr Arms CW45, .45 ACP caliber pistol;

(16) Charter Arms Undercover, .38 Spl. caliber revolver;

(17) Kel-Tec Sub-2000, 9x19mm caliber rifle equipped with a silencer;

(18) RPB Industries SAP M10, .45 Auto caliber pistol, which was: (a) a machinegun, and (b) equipped with a silencer;

(19) Savage Arms Ranger, 12 gauge weapon made from a shotgun, which, as modified, had an overall length of less than 26 inches and barrels of less than 18 inches; and

(20) FN Herstal SCAR 17S, 7.62x51mm caliber rifle;

in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is conspiracy to distribute a controlled substance as alleged in Count One of this Second Superseding Indictment and possession with intent to distribute a controlled substance as alleged in Count Seven of this Second Superseding Indictment.

This was in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B).

## Count 11

### Transfer of Machinegun

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly transferred a machinegun, namely, an M16-type, .300 Blackout caliber firearm, identified as ATF Exhibit 11, knowing the firearm was a machinegun.

This was in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## Count 12

### Possession of Machineguns

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed the following machineguns, knowing each was a machinegun:

(1) M16-type, .300 Blackout caliber firearm, identified as ATF Exhibit 51;

(2) M16-type, .300 Blackout caliber firearm, identified as ATF Exhibit 79; and

(3) RPB Industries SAP M10, .45 Auto caliber pistol;

This was in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## Count 13

### Transfer of Firearm in Violation of National Firearms Act

On or about March 14, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly and unlawfully transferred a

firearm, namely, a silencer identified as ATF Exhibit 5, which was not registered in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Sections 5812 and 5841, knowing the firearm was a silencer.

This was in violation of Title 26, United States Code, Sections 5861(e), and 5871.

## Count 14

### Transfer of Firearm in Violation of National Firearms Act

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly and unlawfully transferred a firearm, namely, a silencer identified as ATF Exhibit 11A, which was not registered in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Sections 5812 and 5841, knowing the firearm was a silencer.

This was in violation of Title 26, United States Code, Sections 5861(e), and 5871.

## Counts 15-27

### Possession of National Firearms Act Firearms Not Registered to Possessor

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed firearms as defined in Title 26, United States Code, Section 5845(a), which were not registered to him in the National Firearms Registration and Transfer Record. The firearms were silencers, and defendant knew the firearms were silencers. The possession of each silencer referenced below constitutes a separate count, and this paragraph is hereby incorporated in each such count by this reference.

9

| Count | Unregistered Firearm Possessed |
|---|---|
| 15 | A silencer identified as ATF Exhibit 13. |
| 16 | A silencer identified as ATF Exhibit 14. |
| 17 | A silencer identified as ATF Exhibit 15. |
| 18 | A silencer identified as ATF Exhibit 49. |
| 19 | A silencer identified as ATF Exhibit 50. |
| 20 | A silencer identified as ATF Exhibit 51A. |
| 21 | A silencer identified as ATF Exhibit 63 |
| 22 | A silencer identified as ATF Exhibit 79A. |
| 23 | A silencer identified as ATF Exhibit 91. |
| 24 | A silencer identified as ATF Exhibit 92. |
| 25 | A silencer identified as ATF Exhibit 103. |
| 26 | A silencer identified as ATF Exhibit 131. |
| 27 | A silencer identified as ATF Exhibit 133. |

This was in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## Count 28

**Possession of National Firearms Act Firearm Not Registered to Possessor**

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed a firearm, as defined in Title 26, United States Code, Section 5845(a)(2), which was not registered to him in the National Firearms Registration and Transfer Record. The

firearm was a Savage Arms Ranger, 12 gauge weapon made from a shotgun, which, as modified, had an overall length of less than 26 inches and barrels of less than 18 inches, and defendant knew the firearm was a weapon made from a shotgun, which, as modified, had an overall length of less than 26 inches and barrels of less than 18 inches.

This was in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

### Count 29

**Possession of National Firearms Act Firearm Not Registered to Possessor**

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed a firearm as defined in Title 26, United States Code, Section 5845(a)(8) and (f), which was not registered to him in the National Firearms Registration and Transfer Record. The firearm was a destructive device commonly known as a pipe bomb and defendant knew the firearm was a pipe bomb.

This was in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

### Counts 30-42

**Possession of National Firearms Act Firearms Not Identified by Serial Number**

On or about April 29, 2019, in the Northern District of Iowa, defendant, RAVEN DAMIEN MEADER BURKHOW, knowingly possessed the following firearms that were not identified by a serial number as required by Title 26, United

States Code, Section 5842. The firearms were silencers, and defendant knew the firearms were silencers. The possession of each silencer referenced below constitutes a separate count, and this paragraph is hereby incorporated in each such count by this reference.

| Count | Firearm Not Identified by Serial Number Possessed |
|---|---|
| 30 | A silencer identified as ATF Exhibit 13. |
| 31 | A silencer identified as ATF Exhibit 14. |
| 32 | A silencer identified as ATF Exhibit 15. |
| 33 | A silencer identified as ATF Exhibit 49. |
| 34 | A silencer identified as ATF Exhibit 50. |
| 35 | A silencer identified as ATF Exhibit 51A. |
| 36 | A silencer identified as ATF Exhibit 63 |
| 37 | A silencer identified as ATF Exhibit 79A. |
| 38 | A silencer identified as ATF Exhibit 91. |
| 39 | A silencer identified as ATF Exhibit 92. |
| 40 | A silencer identified as ATF Exhibit 103. |
| 41 | A silencer identified as ATF Exhibit 131. |
| 42 | A silencer identified as ATF Exhibit 133. |

This was in violation of Title 26, United States Code, Sections 5842, 5861(i), and 5871.

## Forfeiture Allegation 1

The allegations contained in Counts 1-7 of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Section 841, the defendant, RAVEN DAMIEN MEADER BURKHOW, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

(1) approximately $840 seized from defendant's person by law enforcement on or about April 29, 2019;

(2) approximately $3910 seized from defendant's residence by law enforcement on or about April 29, 2019;

(3) six gold bars, or pieces, valued at approximately $5,522.50 seized from defendant's safe by law enforcement on or about May 2, 2019; and

(4) approximately $172,970 seized by law enforcement from defendant's safe on or about May 2, 2019.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

    This is pursuant to Title 21, United States Code, Section 853.

### Forfeiture Allegation 2

By virtue of having committed the acts specified in Counts 8-12 of this Second Superseding Indictment, defendant RAVEN DAMIEN MEADER BURKHOW shall forfeit to the United States any firearm and ammunition involved in or used in the knowing violation of Title 18, United States Code, Sections 922(o), and 924(c), including but not limited to the firearms listed in Counts 8-12.

    This is pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

### Forfeiture Allegation 3

By virtue of having committed the acts specified in Counts 13-42 of this Second Superseding Indictment, defendant RAVEN DAMIEN MEADER BURKHOW shall forfeit to the United States any firearm (not ammunition) involved in the violation of Title 26, United States Code, Section 5861, including but not limited to the firearms listed in Counts 13-42.

    This is pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

s/Foreman
_____  9/25/19
Grand Jury Foreperson    Date

PETER E. DEEGAN, JR.
United States Attorney

By: *[signature]*

KYNDRA LUNDQUIST
Assistant United States Attorney

And

RICHARD L. MURPHY
Assistant United States Attorney

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY
And filed 9/25/2019
ROBERT L. PHELPS, CLERK