IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 19-CR-0059-CJW |
| vs. | ) |
| RAVEN DAMIEN MEADER BURKHOW, | ) |
| Defendant. | ) |

# GOVERNMENT'S SUPPLEMENTAL BRIEF

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 2

II.  DISCUSSION ..................................................................................................... 3

   A. **Defendant Should Not be Allowed to Call Prosecutors as Witnesses**................................................................................................... 3

   B. **Defendant Should Not be Allowed to Call the Magistrate Judge as a Witness** ............................................................................................... 7

   C. **Defendant is Not Entitled to an Evidentiary Hearing on Any Issue** ................................................................................................ 13

      1. *Defendant is Not Entitled to a Hearing on the Sufficiency of the Affidavits* ............................................................................................ 13

      2. *Defendant is Not Entitled to a Hearing on his Motion for Return of Property* ............................................................................................. 14

      3. *Defendant is Not Entitled to a Hearing on his "Due Process" Claims* . 15

1

    4. *Defendant is Not Entitled to a Hearing on the* Leon *Good-Faith Exception* .................................................................................................. 16

**III. CONCLUSION** ....................................................................................... 18

## I. INTRODUCTION

On October 17, 2019, the Court heard arguments regarding defendant's Motion to Continue, (Docket 35), and whether a *Franks* hearing should be granted on defendant's Motion to Suppress, (Docket 23). After the hearing, the Court requested supplemental briefing on three issues: (1) whether a prosecutor may be called as a witness regarding any issue in this case; (2) whether a judge may be called as a witness on any issue in this case; and (3) whether defendant is entitled to an evidentiary hearing on any of the issues defense counsel listed at the hearing.[1]

For the reasons stated in the Government's Resistance to Defendant's Motion to Suppress and in this brief, no evidentiary hearing is necessary or appropriate on any issue defendant has raised. The United States addresses the issues on which the Court requested additional briefing in the order the Court listed them. (Docket 46).

---

[1] The Court specifically said it did not require more briefing on *Franks*; thus, the United States does not address that issue in this supplemental brief.

2

## II.  DISCUSSION

### A. Defendant Should Not be Allowed to Call Prosecutors as Witnesses

Defendant wishes to call two Assistant United States Attorneys as witnesses if the Court orders an evidentiary hearing on this case.  Because defendant has not shown a compelling need to have prosecutors testify in this case, the Court should reject any attempt on the part of defendant to call prosecutors as witnesses.

Such a situation implicates ethical rules regarding attorneys as witnesses. The roles of attorney and witness have long been regarded as fundamentally inconsistent.  *See United States v. Birdman*, 602 F.2d 547, 551 (3d Cir. 1979).  Iowa Rule of Professional Conduct 32.3.7, Lawyer as Witness, states:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 32:1.7 or rule 32:1.9.

*Id.*; Model Rule of Professional Conduct 3.7 (same).  This is commonly referred to as the "attorney-witness rule."  *United States v. Johnson*, 131 F. Supp. 2d 1088, 1104 (N.D. Iowa 2001).

Trial courts have broad discretion with respect to the testimony of witnesses. *Gajewski v. United States*, 321 F.2d 261, 268 (8th Cir. 1963). Courts "may refuse to even allow a witness to take the stand." *Id.*

The United States Court of Appeals for the Eighth Circuit has stated that district courts may exercise their discretion to bar defendants from calling prosecutors as witnesses. "Courts are especially reluctant, and rightfully so, to allow lawyers, including prosecuting attorneys, to be called as witnesses in trials in which they are advocates." *Id.* Though "such judicial discretion is generally exercised to prevent testimony by an advocate in favor of the party whom he represents, a court may, without abusing its discretion, refuse to allow the defense to call as a witness the United States Attorney trying the case." *Id.* (citing *Fisher v. United States*, 231 F.2d 99, 104 (9th Cir. 1956)).

In *Gajewski*, the defendants asserted the district court should have allowed them to call the prosecutor as a witness at trial. *Id.* The Eighth Circuit Court of Appeals rejected that contention. *Id.* at 269. "To be sure, an accused's right to call relevant witnesses and to present a complete defense may not be abrogated for the sake of trial convenience or for the purpose of protecting a United States Attorney from possible embarrassment while testifying, if he possesses information vital to the defense." *Id.* at 268-69. However, "the trial court was fully justified in requiring [the defendant] to indicate in advance the general nature of the testimony he desired to elicit from both the Clerk and the United States Attorney." *Id.* at 269.

4

The defendant in that case "had previously attempted to inject into the trial irrelevant, extraneous, and often inflammatory evidence, and had repeated such efforts despite court rulings prohibiting its admission." *Id.* The court found the court's refusal to allow the prosecutor to testify was not an abuse of discretion. *Id.*

The Eighth Circuit Court of Appeals has more recently stated "[r]equests for testimony [from prosecutors] are disfavored, and 'the party seeking such testimony must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony.'" *United States v. Ziesman*, 409 F.3d 941, 950 (8th Cir. 2005) (quoting *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991)).

Other circuit courts similarly require a showing of compelling reasons or legitimate need. *See United States v. Prantil*, 764 F.2d 548, 551 (9th Cir. 1985) ("[A] defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness."); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982) ("The federal courts have universally condemned the practice of a government prosecutor's testifying at a trial in which he is participating; such testimony is permitted only if required by a compelling need."); *Birdman*, 602 F.2d at 553 ("[T]he federal courts have almost universally frowned upon the practice of a Government prosecutor testifying at the trial of the case he is prosecuting, whether for or against the defendant, and have stated that the practice should be permitted only in

5

extraordinary circumstances or for compelling reasons." (footnotes omitted)); *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975) ("Nor was any reason shown to permit the defendant to call government counsel as a witness. Such a procedure, inevitably confusing the distinctions between advocate and witness, argument and testimony, is acceptable only if required by a compelling and legitimate need.").

This showing applies in both trials and pretrial hearings. *See United States v. Dempsey*, 740 F. Supp. 1295, 1297 (N.D. Ill. 1990) ("We believe that in a suppression hearing, as at trial, a defendant should not be allowed to compel the testimony of a prosecuting attorney unless it can demonstrate a 'compelling and legitimate need' for such testimony."); *see also United States v. Johnston*, 690 F.2d 638, 644 (7th Cir. 1982) (surveying case law and finding the attorney-witness rule should remain applicable in proceedings before a judge rather than a jury).

Here, defendant has not demonstrated a compelling need for the testimony of prosecutors. Defendant has stated he wishes to call prosecutors to testify but has not provided any legitimate reasons for wanting to do so. In fact, he has not given *any* reasons for wanting the prosecutors to testify. He has not identified any issue in his motions where the testimony of prosecutors would be relevant and necessary to a decision from the Court. Moreover, even assuming the prosecutors had some relevant testimony to give (which they do not), defendant has not shown that he is unable to acquire the same evidence from another source. Absent extraordinary or

6

compelling reasons, defendant should not be allowed to force prosecutors to become witnesses in this matter, a situation ethical rules have long directed prosecutors to avoid. Defendant's sole support for his desire to call prosecutors as witnesses are the aspersions he has cast on their conduct and his counsel's suppositions. That is not sufficient. Because defendant has failed to show a compelling and legitimate need for such testimony, the Court should not allow defendant to call prosecutors as witnesses.[2]

### B. Defendant Should Not be Allowed to Call the Magistrate Judge as a Witness

At the previous hearing, defense counsel indicated United States Magistrate Judge Mark A. Roberts may be called as a witness by defendant.[3] There is no authority or basis for calling the Magistrate Judge as a witness in this case.

Defendant cited one case at the hearing in support of his assertion that the Magistrate Judge could be called to testify, *United States v. Alton*, 982 F.2d 285, 287

---

[2] There are additional, practical issues with having the prosecutors testify. First, pursuant to *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and Department of Justice regulations, the Department of Justice has the authority to limit or decline to authorize the testimony of its employees. *See* 28 C.F.R. §§ 16.21-16.29. Second, prosecutors, like any other attorney, have a broad duty of confidentiality to their client. *See* Iowa R. Prof'l Conduct 32.1.6 & cmt. 3 ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent . . . . The confidentiality rule . . . applies . . . to all information relating to the representation, whatever its source.").

[3] Defendant did not raise this issue in advance of the hearing.

7

(8th Cir. 1992). Defendant's reliance on this single case to support such an extraordinary procedure is farcical.

*Alton* makes no reference to calling judges as witnesses. In that case, the defendant had similarly filed a pretrial motion to suppress. *Id.* The paragraph defendant referenced states in full:

> The magistrate judge who conducted the hearing on the motion and ultimately denied it was the same magistrate judge who issued the warrant. The defendant argues that an ethical violation occurred which calls into question the very fairness and objectivity of the entire process. The materials before us do not indicate that this argument was made in the Court below. Our review is therefore only for plain error, and we see none. There is no indication of actual bias, and the issue of probable cause is not close on the merits. So we reject this argument without giving it the normal scope of appellate review. We have some doubts about the practice, and our affirmance in this case is not to be interpreted as approving it.

*Id.* at 286-87. Defendant cited only the last sentence at the hearing. Notably, that statement says nothing about judges as witnesses and does not contemplate such a situation. At its broadest possible interpretation, that language suggests changing the way courts hear motions to suppress. There is also a flaw in the logic of defendant's position—the district court judge, not the magistrate judge, ultimately grants or denies motions to suppress. Most importantly, the Eighth Circuit Court of Appeals assigned no error to the district court proceedings in *Alton* and, in the twenty-seven years since the opinion was authored, the dicta at issue has spawned no consensus or agreement with its thesis. In sum, defendant is trying to turn these proceedings on their head by calling the presiding Magistrate Judge as a

8

witness with no more support than a single line of inapposite dictum dating from 1992.

Another defendant attempted to use the same dicta to recuse a judge. In *United States v. Gonzalez*, the defendant asked "the court to withdraw the assignment of his motion to suppress evidence from the magistrate judge on grounds that it is assigned to the same magistrate judge who granted the government's application for installation of an electronic alerting device in a package at issue in the case." No. 308CR00002TMBJDR, 2008 WL 11398945, at *1 (D. Alaska Feb. 26, 2008) (unpublished). The court began by expressly considering 28 U.S.C. § 455 and 28 U.S.C. § 144, statutes addressing potential partiality or bias of judges. *Gonzalez*, 2008 WL 11398945, at *1. On these grounds, the court found:

> No legitimate reason to disqualify the magistrate judge has been put forth in Gonzalez's motion. The motion raises no issue of fact concerning any alleged personal bias or prejudice or interest in the outcome of the case that might constitute a legitimate reason to disqualify the judicial officer. I find no due process violation has been alleged.

*Id.*

Next, the court addressed defendant's argument premised on *Alton*. The defendant cited the same sentence expressing doubts about the challenged practice. *Id.* The court soundly rejected that argument:

> Not discussed in that opinion was the fact that for a felony criminal motion, the magistrate merely makes a report and recommendation to the assigned district judge for determination of the dispositive motion. The undersigned magistrate judge is not aware of any policy or procedure implemented by the Administrative Office of the U.S. Courts

9

> that discourages the use of the same magistrate judge as suggested by
> Gonzalez. Moreover, there is nothing improper about a judicial officer
> reviewing his own decisions, *sua sponte*, or when requested by a party.
> If the rule were as advocated by Gonzalez, then no judicial officer,
> federal or State, would be permitted to address a prior order or
> application previously ruled upon by that judge. The law does not
> impose such conflict.

*Id.*

The *Gonzalez* defendant was attempting to recuse the judge, not call the judge as a witness. However, the same reasoning applies here. No impropriety or bias exists. The Court should similarly reject defendant's more extreme tactic in no uncertain terms.

Here, beyond citing *Alton*, defendant offered no factual basis to justify calling the Magistrate Judge as a witness. Defense counsel adverted in a perfunctory fashion to the Magistrate Judge having signed the warrants in this case and, in doing so, having allegedly relied inappropriately on the government, or something to this effect. This appears to be an allegation that the Magistrate Judge acted outside of or abandoned his judicial role. There is absolutely no support for this claim.

Such an argument falls within the scope of *United States v. Leon*, 468 U.S. 897 (1984).[4] In *Leon*, the United States Supreme Court recognized the good-faith

---

[4] As previously noted, defendant did not raise this argument before the hearing. In addition, defendant has failed to brief or respond to the government's *Leon* arguments despite the fact that, in his suppression brief, he stated his intention to do so. *See* (Docket 23 at 9 n.6). Therefore, defendant has no *Leon*

10

exception to the warrant requirement. *Id.* at 920. The Court stated that there were four situations where the exception did not apply. *Id.* at 923. One of those was "where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo–Ji Sales, Inc. v. New York*, 442 U.S. 319 (1979); in such circumstances, no reasonably well trained officer should rely on the warrant." *Id.* This is because the magistrate judge must "perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." *Id.* (quoting *Aguilar v. State of Tex.*, 378 U.S. 108, 111 (1964), *abrogated by Illinois v. Gates*, 462 U.S. 213 (1983)). "A magistrate failing to 'manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application' and who acts instead as 'an adjunct law enforcement officer' cannot provide valid authorization for an otherwise unconstitutional search. *Id.* (citing *Lo–Ji Sales*, 442 U.S. at 326–327.

In *Lo–Ji Sales*, a police investigator brought film reels that he had purchased from a bookstore and believed to be obscene to the magistrate judge. 442 U.S. at 321. The magistrate judge reviewed them and determined they were obscene. *Id.* Thereafter, the investigator authored a warrant. *Id.* However, the warrant asked the magistrate judge to accompany the investigator to the bookstore for purposes of the search. *Id.* at 322. The magistrate judge went to the bookstore with police and

---

arguments pending before the Court and the motion-to-suppress deadline, as well as the due dates for all briefs on such motions, has passed.

11

personally examined films and magazines. *Id.* at 322-23. After he reviewed them, officers added them to the warrant. *Id.* Before the search, the warrant was two pages long. *Id.* at 324. After the search and seizure ended, the warrant was sixteen pages long. *Id.* In the subsequent obscenity case, the defendant, the owner of the bookstore, filed a motion to suppress the evidence from the bookstore, which was denied. *Id.*

The Supreme Court reversed. *Id.* at 325. "The Town Justice did not manifest that neutrality and detachment demanded of a judicial officer when presented with a warrant application for a search and seizure." *Id.* at 326. The magistrate judge "allowed himself to become a member, if not the leader, of the search party which was essentially a police operation." *Id.* at 327. "Once in the store, he conducted a generalized search under authority of an invalid warrant; he was not acting as a judicial officer but as an adjunct law enforcement officer." *Id.*

Defendant has tendered no evidence to support his apparent claim that the Magistrate Judge abandoned his neutral and detached judicial role or that he acted as a rubber stamp for law enforcement. Those facts do not exist, and there is no good faith basis for suggesting otherwise. Defendant should not be allowed to call the Magistrate Judge as a witness and attempt to create a factual basis for this claim through examination.

Accordingly, defendant's statement that the Magistrate Judge may be a necessary witness at a suppression hearing is meritless. There is no evidence in

this case of partiality or bias or that the Magistrate Judge abandoned his judicial role.

### C. Defendant is Not Entitled to an Evidentiary Hearing on Any Issue

Defense counsel argued at the hearing that there are a number of other issues presently on file entitling defendant to an evidentiary hearing. Defendant has not shown that he is entitled to a hearing on any of those issues.[5]

> *1. Defendant is Not Entitled to a Hearing on the Sufficiency of the Affidavits*

Defendant suggested he is entitled to a hearing because the warrant affidavits are insufficient. Whether the affidavits are sufficient to establish probable cause is determined by looking only at the information within the four corners of the warrant affidavits. *See United States v. Perez-Trevino*, 891 F.3d 359, 368 (8th Cir. 2018) ("In determining probable cause we are bound to consider only the facts contained within the four corners of the affidavit." (quoting *United States v. Milton*, 153 F.3d 891, 894 (8th Cir. 1998)); *see also United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) ("If an affidavit in support of a search warrant sets forth sufficient facts to lead a prudent person to believe that there is a fair probability that contraband or evidence of a crime will be found in a particular

---

[5] Some of the issues counsel mentioned were not raised in any motion that has been filed. If defendant files further motions, the United States will respond to those motions at that time. It will not address claims that defendant has yet to make.

13

place, probable cause to issue the warrant has been established." (internal quotations omitted)).

Because the sufficiency of the affidavits is determined by examining the information within the four corners of the affidavits, testimony on this issue would not further the Court's analysis, and defendant is not entitled to a hearing on this basis.

### 2. *Defendant is Not Entitled to a Hearing on his Motion for Return of Property*

Defendant also claimed his Motion for Return of Property is an avenue for obtaining a hearing. Under Federal Rule of Criminal Procedure 41(g), "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

First, an unlawful search and seizure or the deprivation of property is a threshold showing in a motion for a return of property. There has been no finding that any unlawful search and seizure occurred. Second, "[w]hen property is seized as evidence in a criminal case, the government is justified in retaining it for use in criminal proceedings." *United States v. Mendez*, 860 F.3d 1147, 1150 (8th Cir. 2017). That justification does not end until proceedings are completed. *Id.* Hence, a cause of action for return of property accrues when the district court enters judgment. *Id.* Lastly, a motion for the return of property "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as

14

evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)).

Defendant's Motion for Return of Property is, at best, premature. The bulk of the property seized in this case is contraband (*e.g.*, drugs and NFA weapons) and/or the subject of forfeiture proceedings (firearms, ammunition, and drug proceeds). All of the property was seized as evidence in this case, and the government is entitled to maintain possession of it until judgment is entered. All of these facts are evident from the current posture of the case. There is nothing about his Motion for Return of Property that entitles defendant to a hearing at this juncture.

    *3. Defendant is Not Entitled to a Hearing on his "Due Process" Claims*

Defendant also wants a hearing on his "due process" allegations. In his Motion to Suppress brief, defendant makes a number of statements about his due process rights and alleges that the government violated them. (Docket 23). However, defendant never strings these allegations together in a way that sets forth any cognizable legal claim.

Moreover, defendant's nebulous due process allegations are covered by his Fourth Amendment claims. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Mendoza v. United States Immigration & Customs Enf't*, 849 F.3d 408, 420–21 (8th Cir. 2017) (quoting *Cty. of*

15

*Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)). In *Mendoza*, the defendant argued "the district court ignored his Fifth Amendment substantive due process claim against Defendants when it held that the claim failed because it was covered by the Fourth Amendment claim." *Id.* at 420. The Eighth Circuit Court of Appeals affirmed because "the district court was correct in dismissing the claim, as it was explicitly covered under the Fourth Amendment analysis." *Id.* at 421.

This case is premised on a number of search warrants. Obtaining these warrants was the process that was due to defendant. A hearing should not be held on a series of vague allegations that do not set forth any cognizable legal claim, or to allow defendant to try and create a record to support these allegations, which is apparently what defendant is hoping to do.

  *4. Defendant is Not Entitled to a Hearing on the* Leon *Good-Faith Exception*

Finally, defense counsel stated a hearing is necessary to determine whether the *Leon* good-faith exception applies.[6] Counsel is incorrect.

The United States incorporates its previous briefing on *Leon*. In addition, whether *Leon* applies is an objective question that can be determined from reviewing the warrant affidavits at issue. In *United States v. Sager*, 743 F.2d 1261, 1265 (8th Cir. 1984), a case decided a short time after *Leon*, the Eighth Circuit

---

[6] Again, having failed to brief this issue, defendant has no *Leon* arguments pending before the Court. Accordingly, he has waived any right to argue for a hearing under *Leon*.

Court of Appeals noted that in the case before it "the question of the officers' subjective good faith ha[d] not been litigated." Nevertheless, the court declined to remand the case for an evidentiary hearing on this point. *Id.* at 1266. The court explained, "*Leon*, however, does not turn on 'good faith' in this sense." *Id.* "[The Supreme] Court, in fact, has been at pains to explain that it is objective reasonableness, not subjective good faith, that is important." *Id.*

Turning to the *Leon* decision itself, the *Sager* court is correct. The Supreme Court "emphasize[d] that the standard of reasonableness [it] adopt[ed] [wa]s an objective one." *Leon*, 468 U.S. at 919 n.20. The Court specifically "eschew[ed] inquiries into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant." *Id.* at 922 n.23. The "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.*; *see also United States v. Hudspeth*, 525 F.3d 667, 674, 676 (8th Cir. 2008) (finding *Leon* applied "based on the affidavits" in a case "[w]here there [wa]s no evidentiary hearing before the magistrate judge"); *United States v. Olvey*, 437 F.3d 804, 807, 809 (8th Cir. 2006) (holding *Leon* applied in a case "[w]here there [wa]s no evidentiary hearing before the magistrate judge").

Whether *Leon* applies is an objective determination that the Court can make by reviewing the information it presently has. Defendant is not entitled to an evidentiary hearing on the basis of *Leon* good faith.

17

## III. CONCLUSION

For the forgoing reasons, the Court should deny any request to call either the prosecutors or the Magistrate Judge as witnesses in this case. Further, the Court should issue a decision on Defendant's Motion to Suppress without holding an evidentiary hearing in this case because defendant has not shown that any hearing is necessary.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By:

/s/ *Kyndra Lundquist*
KYNDRA LUNDQUIST
Kyndra.Lundquist@usdoj.gov

and

/s/ *Richard L. Murphy*
RICHARD L. MURPHY
Rich.Murphy@usdoj.gov

Assistant United States Attorneys
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
319-363-6333
319-363-1990 – Fax

CERTIFICATE OF SERVICE
I hereby certify that on October 24, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s KAL_____