# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-CR-59-CJW-MAR |
| vs. | **ORDER** |
| RAVEN DAMIEN MEADER BURKHOW, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Court on defendant's third motion to dismiss. (Doc. 89). Defendant seeks to dismiss Counts 8 through 42 of the Second Superseding Indictment. (*Id.*); *see also* (Doc. 28). The government filed a timely resistance. (Doc. 102). For the following reasons, the Court **denies** defendant's motion.

## II. FACTUAL BACKGROUND

On May 23, 2019, a grand jury returned an Indictment which charged defendant with seven offenses.[1] (Doc. 2). On June 19, 2019, a grand jury returned a Superseding Indictment which charged defendant with fourteen offenses.[2] (Doc. 9). On September

---

[1] The offenses included five counts of distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) (Counts 1 through 5), one count of possession of firearms by a drug user in violation of Title 18, United States Code, Section 922(g)(3) (Count 6), and one count of transfer of a firearm in violation of Title 26, United States Code, Section 5861(d) (Count 7). (Doc. 2). Counts 1 through 5 concerned distribution of cocaine. Count 6 concerned defendant's alleged use of cocaine and marijuana while possessing seventeen firearms. Count 7 concerned defendant's alleged transfer of an unregistered silencer.

[2] The charges under the original Indictment remained but were reordered as Counts 2 through 6, 9, and 11. (Doc. 9, at 1-4, 6-8). The firearms within Count 9 were also reordered from the

1

5, 2019, defendant requested an extension of time to file pretrial motions, which the Court granted the following day. (Docs. 16 & 17). On September 12, 2019, defendant filed his first motion to dismiss and suppress evidence. (Doc. 19).

On September 25, 2019, a grand jury returned a Second Superseding Indictment charging defendant with forty-two offenses. (Doc. 28). The Second Superseding Indictment is comprised of the following:

- One count of conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Section 846 (Count 1).
- Five counts of distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) (Counts 2 through 6).
- One count of possession with intent to distribute a controlled substance also in violation of Section 841(a)(1) (Count 7).
- One count of use and possession of a firearm during and in furtherance of a drug trafficking crime in violation of Title 18, United States Codes, Section 924(c) (Counts 8 and 9).
- One count of possession of firearms in furtherance of a drug trafficking crime also in violation of Section 924(c) (Count 10).
- One count of transfer of a machinegun in violation of Title 18, United States Code, Section 922(o) (Count 11).
- One count of possession of machineguns also in violation of Section

---

original Indictment. (*Id.*, at 6-7). The Superseding Indictment additionally charges defendant with one count of conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Section 846 (Count 1), one count of possession with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) (Count 7), one count of possession of firearms in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c) (Count 8), one count of possession of machineguns in violation of Title 18, United States Code, Section 922(o) (Count 10), an additional count of transfer of firearms in violation of Title 26, United States Code, Section 5861(e) (Count 12), one count of possession of firearms not registered to possessor in violation of Title 26, United States Code, Section 5861(d) (Count 13), and one count of possession of firearms not identified by serial number in violation of Title 26, United States Code, Section 5861(d) (Count 14). Count 1 concerned the distribution of cocaine. Count 8 concerned the seventeen firearms previously cited along with two machineguns and seven equipped silencers. Count 10 concerned three machineguns and a firearm. Count 12 concerned a machinegun and a silencer. Count 13 concerned four machineguns, two firearms, and fourteen silencers. Count 14 concerned three machineguns, a firearm, and fourteen silencers.

922(o) (Count 12).
- Two counts of transfer of a firearm in violation of Title 26, United States Code, Section 5861(e) (Counts 13 and 14).
- Fifteen counts of possession of a National Firearms Act firearm not registered to possessor also in violation of Section 5861(d) (Counts 15 through 29).
- Thirteen counts of possession of a National Firearms Act firearm not identified by serial number also in violation of Section 5861(i) (Counts 30 through 42).

(Doc. 28). On October 30, 2019, defendant filed his second motion to dismiss and suppress evidence. (Doc. 54). On December 5, 2019, a hearing was held before United States Magistrate Judge Mark A. Roberts on, among other things, defendant's two outstanding motions to dismiss.[3] (Doc. 87). On December 11, 2019, defendant filed his third motion to dismiss, which is now before the Court.[4] (Doc. 89).

### III. APPLICABLE LAW

Federal Rule of Criminal Procedure 12(b) authorizes pretrial motions to present "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

A motion alleging a defect in an indictment must be made before trial. FED. R.

---

[3] A report and recommendation from Judge Roberts on defendant's other two motions to dismiss, among other requests, is forthcoming. Judge Roberts has already issued a partial report and recommendation denying defendant's requests for various evidentiary hearings and other peripheral matters (Doc. 58), which this Court adopted with modification (Doc. 78).

[4] The Court notes that defendant has also filed an interlocutory appeal of this Court's various orders requiring several judicial documents to be filed under seal. (Doc. 98). This appeal is still ongoing as of the time of this Order.

3

CRIM. P. 12(b)(3)(B). "[T]o be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he is charged. If the acts alleged in the indictment do not constitute a violation of law, the indictment is properly dismissed." *United States v. Polychron*, 841 F.2d 833, 834 (8th Cir. 1988). The Eighth Circuit has repeatedly held that:

> An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (internal quotation marks omitted)).

"It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 182 (8th Cir. 1999). The Supreme Court has held that an "indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956). Defendants have generally been barred from challenging an indictment based on sufficiency of the evidence before the grand jury because allowing defendants to do so would "insist on a kind of preliminary trial[.]" *Id.* Courts have repeatedly denied motions to dismiss an indictment on this basis. *See, e.g.*, *United States v. Calandra*, 414 U.S. 338, 345 (1974); *Costello*, 350 U.S. at 363-64; *Nelson*, 165 F.3d at 1182; *United States v. Roach*, 28 F.3d 729, 739 (8th Cir. 1994); *United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977); *United States v. Taylor*, No. 4:15CR335CDP, 2017 WL 679639, at *1 (E.D. Mo. Feb. 21, 2017); *United States v. Babenko*, No. 13-04016-CR-C-BP-01, 2014 WL 3747643, at *11 (W.D. Mo. July 30, 2014); *United States*

4

*v. Banks*, No. 11-173 (MJD/JJK), 2011 WL 2784128, at *5 (D. Minn. July 1, 2011); *United States v. Rojas*, No. CR09-4033-MWB, 2009 WL 4611429, 2009 WL 4611429, at *1 (N.D. Iowa Dec. 2, 2009), *adopted* No. 2009 WL 5031323 (N.D. Iowa Dec. 15, 2009). Moreover, "grand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." *United States v. Wadlington*, 233 F.3d 1067, 1074 (8th Cir. 2000) (quoting *United States v. Kouba*, 822 F.2d 768, 774 (8th Cir. 1987)).

## IV. ANALYSIS

Defendant's third motion to dismiss argues that Counts 8 through 42 of the Second Superseding Indictment must be quashed because the government failed to provide the grand jury with any facts supporting various essential elements of these offenses. (Doc. 89-1, at 1). Defendant asserts two arguments. First, defendant argues that Counts 8 through 10 are insufficiently alleged because the grand jury was not given any evidence that defendant used a firearm during or in furtherance of the crimes charged. (*Id.*, at 2-5). Second, defendant argues that Counts 11 through 42 are insufficiently alleged because the grand jury was not given any evidence that defendant knew the features of any of the firearms alleged or that such firearms were not registered. (*Id.*, at 6-9). The Court will address each argument in turn.

Defendant does not allege, in the instant motion to dismiss, that the Indictment itself is insufficient. Rather, defendant argues that the evidence before the grand jury was insufficient or that there was no evidence presented at all. (*Id.*, at 2) (citing *Brady v. United States*, 24 F.2d 405, 407-08 (8th Cir. 1928)). This argument has long been considered an improper ground on which to challenge an indictment. *See, e.g.*, *Nelson*, 165 F.3d at 182. The Court will, however, analyze whether some evidence supported the grand jury's finding of the essential elements sufficient to return the Second Superseding Indictment, keeping in mind the presumption of regularity afforded to such

5

proceedings. *See Wadlington*, 233 F.3d at 1074.

### A. Good Cause for Untimely Filing of Defendant's Third Motion to Dismiss

Generally, motions to dismiss must be filed within twenty-eight days of a defendant's arraignment. LCrR 12(a). If a superseding indictment is returned, "the original deadlines . . . remain unchanged unless, within 7 days after . . . the arraignment on the superseding indictment, either the defendant or the government requests that new deadlines be set and an order is entered by the court changing the deadlines." LR 12(b). "The court may refuse to consider an untimely motion unless the moving party establishes good cause for the untimeliness of the motion." LCrR 12(e).

Defendant does not dispute that his third motion to dismiss is untimely. (Doc. 89, at 1). The Second Superseding Indictment was returned on September 25, 2019. (Doc. 28). Defendant was arraigned on the Second Superseding Indictment on October 2, 2019. (Doc. 34). Defendant timely requested and was granted an extended deadline of October 30, 2019, to file pretrial motions. (Docs. 42 & 51). Specifically, the Court extended the deadline for "pretrial motions related to new charges in the Second Superseding Indictment[.]" (Doc. 51).

Defendant filed his third motion to dismiss on December 11, 2019; more than a month after the deadline requested by and granted to defendant. (Doc. 89). As his showing for good cause, defendant states that his motion "is based upon grand jury testimony from the September 25[, 2019] grand jury session that led to the filing of the Second Superseding Indictment. The defendant could not raise this motion earlier because the grand jury transcript was not provided to the defense until December 3, 2019." (*Id.*, at 1).

In its resistance, the government argues that many of the counts defendant now seeks to dismiss originated from the First Superseding Indictment and are unrelated to the September 25, 2019, grand jury session. (Doc. 102, at 2); *see also* (Doc. 9, at 5-

6). The Superseding Indictment lists nineteen of the twenty firearms enumerated in Count 10 of the Second Superseding Indictment, all except for a pipe bomb. (Docs. 9, at 5-6; 28, at 6-7). Further, Counts 12 through 28 and 30 through 42[5] also originated from the First Superseding Indictment, although they were listed differently.[6]

Defendant's delayed receipt of the September 25, 2019 grand jury transcripts only constitutes good cause as to counts that did not originate under the First Superseding Indictment. "Good cause requires a showing of cause and prejudice." *United States v. Reichel*, 911 F.3d 910, 916 (8th Cir. 2018) (quoting *United States v. Paul*, 885 F.3d 1099, 1104 (8th Cir. 2018) (alterations and ellipses omitted)). As to Counts 8, 9, 11, and 29, and the pipe bomb in Count 10, defendant's receipt of the transcripts on December 3, 2019, prevented defendant from raising a timely objection as to these new charges. As to Counts 12 through 28 and 30 through 42, as well as the other nineteen firearms listed in Count 10, nothing prevented defendant from timely raising this motion because these charges were transferred from the First Superseding Indictment. Defendant could have sought to dismiss these charges at that time, and in fact did in his other two pending motions to dismiss. Moreover, defendant was only granted an extension of time to file pretrial motions "related to *new charges* in the Second

---

[5] In its resistance, the government includes transfer of a machinegun in Count 11 of the Second Superseding Indictment as originating under the First Superseding Indictment. (Doc. 102, at 2). The Court cannot identify any counts in the First Superseding Indictment that charge defendant with transfer of a machinegun. Further, as implied in the government's resistance, Count 29 is entirely new to the Second Superseding Indictment, involving defendant's alleged possession of a pipe bomb.

[6] Count 10 of the First Superseding Indictment became Count 12, Count 11 became Count 13, Count 12 became Count 14, Count 13 became Counts 15 through 28, and Count 14 became Counts 30 through 42. (Docs. 9 & 28). Some other minor differences are also present in the Second Superseding Indictment, such as the reduction of silencers from fourteen to thirteen (Docs. 9, at 9-10; 28, at 9-10, 11-12) and the omission of various firearms from Counts 30 through 42 that were formerly included (Docs. 9, at 9-10; 28, at 11-12).

Superseding Indictment[.]" (Doc. 51). This extension on its face seeks to bar defendant from raising grounds for dismissal now that he could have raised previously.

The Court finds defendant's third motion to dismiss is untimely and fails to show good cause for its untimeliness as to Counts 12 through 28 and 30 through 42, as well as the nineteen firearms listed in Count 10 other than the pipe bomb. Defendant has shown good cause as to Counts 8, 9, 11, and 29, and the pipe bomb in Count 10. Thus, the Court **denies** defendant's motion as to counts lacking good cause. In the interest of justice, however, the Court will proceed to the merits on all the counts below, regardless of whether good cause has been shown.

### B. *Counts 8 through 10 & Sufficiency of the Evidence*

Counts 8 through 10 of the Second Superseding Indictment arise under Title 18, United States Code, Section 924(c)(1)(A)–(B). Defendant presents several arguments on these counts. First, as to Counts 8 and 9, defendant argues the government presented insufficient evidence to the grand jury that defendant used, i.e. actively employed, the charged firearms in connection with the offenses contained in Counts 3 and 6. (Doc. 89-1, at 3-4). Defendant alleges that the only evidence provided was the testimony of an agent, in response to "leading questions,"[7] that a confidential informant purchased the firearms at issue from defendant on March 14, 2019, and April 29, 2019, respectively. (*Id.*, at 4-5). Second, as to Counts 8, 9, and 10, defendant argues the government presented insufficient evidence to the grand jury that defendant possessed the firearms in furtherance of drug crimes. (*Id.*). On Count 10 specifically, defendant asserts that the only evidence provided to the grand jury was an agent's response to a "leading question" that the pipe bomb at issue was found in defendant's apartment on April 29, 2019. (*Id.*,

---

[7] In his motion, defendant concedes that there "is nothing inherently wrong with leading questions in a grand jury proceeding." (Doc. 89-1, at 5 n.3). Defendant contends, however, that the government's use of leading questions indicates the weakness of their evidence overall.

at 6). Last, defendant also argues that the government "did not disclose exculpatory information to the grand jury that the firearms were not loaded, had no clips, had no ammunition, and had been the subject of the [confidential information]'s request to purchase independently from drug purchases." (*Id.*).[8]

First, as to use of the firearms in connection with the offenses, defendant is correct that "active employment of the firearm" is necessary to convict him of these offenses. (Doc. 89-1, at 3) (citing *Bailey v. United States*, 516 U.S. 137, 144 (1995)). At this stage, however, there need only have been some competent evidence for the grand jury to find that this essential element was present. On September 25, 2019, Agent Joshua Lupkes ("Agent Lupkes") testified before the grand jury that a confidential informant had purchased the firearms charged in Counts 8 and 9 from defendant on Match 14, 2019, and April 29, 2019, respectively. (Doc. 107, at 2-3). Agent Lupkes' underlying reports and prior testimony were both mentioned. (*Id.*). Although Counts 8 and 9 are new to the Second Superseding Indictment, more testimony was elicited about these two transactions during prior grand jury sessions. Specifically, that the sale of these handguns was accompanied by the sale of cocaine. (Doc. 107-4, at 3-4, 5-6); *see also* (Doc. 107-2) (containing further testimony from Agent Lupkes); (Doc. 102, at 3-4) (discussing other evidence presented to the grand jury on these counts). Based on the simultaneous purchases of the firearms at issue and drugs, in addition to all the other evidence presented, the grand jury had competent evidence to find that defendant used

---

[8] In his motion, defendant twice alleges that the government acted in contravention of the internal policies of the Department of Justice. (Doc. 89-1, at 3 n.2, 7). Internal agency guidelines do not create any legal rights for criminal defendants. *See, e.g.*, *In re United States*, 197 F.3d 310, 315 (8th Cir. 1999). The Eighth Circuit Court of Appeals has held that there is no authority for dismissing an indictment for a violation of internal Department of Justice policies. *United States v. Wilson*, 314 Fed. App'x 911, 911 (8th Cir. 2009); *see also United States v. Hayes*, No. CR14-4082-LTS, 2016 WL 1704169, at *4 (N.D. Iowa Apr. 28, 2016). Therefore, the Court will not assess whether defendant's prosecution was consistent with internal policies or not. The answer to that inquiry is irrelevant.

the firearms in Counts 8 and 9 to distribute drugs.

Second, as to possession of the firearms in furtherance of drug crimes, the Court similarly finds the above evidence to be competent, at least. Evidence before the grand jury showed that defendant's sale of both controlled substances and firearms were closely linked. As to Count 10 specifically, defendant presents no argument as to any of the firearms listed aside from the newly added pipe bomb. (Doc. 89-1, at 6). Testimony before the grand jury showed that these firearms were propped up around defendant's apartment and found alongside controlled substances. *See, e.g.*, (Doc. 107-4, at 7-12). The pipe bomb also was found in defendant's apartment along with supplies for making a pipe bomb. *See, e.g.*, (Doc. 107-2, at 14-15; 107-6, at 4). The grand jury had more than enough evidence to indict defendant and find that defendant possessed these firearms in furtherance of his alleged distribution and trafficking of controlled substances.

Last, as to disclosure of exculpatory information to the grand jury, the government is not obligated to make any such disclosure. The Supreme Court has held that a federal prosecutor has no duty to present exculpatory evidence to a grand jury. *United States v. Williams*, 504 U.S. 36, 51-55 (1992). It is well-settled that "the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge." *Id.*, at 51 (citing *Calandra*, 414 U.S. at 343). "Requiring the prosecutor to present exculpatory evidence as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body." *Id.*; *see also United States v. Miller*, No. 19-CR-2031-LTS, 2019 U.S. Dist. LEXIS 222073, at *64-65 (N.D. Iowa Nov. 15, 2019).

Thus, even setting aside the presumption of regularity afforded to grand jury proceedings, the Court finds no basis to dismiss Counts 8 through 10 of the Second Superseding Indictment.

### C.   *Counts 11 through 42 & Defendant's Knowledge*

Counts 11 through 42 charge defendant with a variety of offenses relating to the possession, transfer, and/or registration status of various machineguns and firearms, including silencers, a shotgun, and a pipe bomb. (Doc. 28, at 8-12). Defendant argues that the only evidence presented about these counts to the grand jury was an agent's response to "leading questions" that were insufficient to establish that defendant knew these items were machineguns, silencers, a shot gun, or a pipe bomb. (*Id.*). Defendant also argues that the agent's testimony was insufficient to establish that these machineguns and firearms had to be registered, that defendant knew their registration status, or that defendant knew they did not have serial numbers as required. (*Id.*).

Defendant's objections here revolve around defendant's knowledge at the time of the alleged criminal conduct. The grand jury was presented with evidence that all these firearms were found stationed throughout defendant's alarm-triggered apartment or on his person, *see, e.g.*, (Doc. 107-4, at 7-12), that defendant often sold and transacted in firearms, *see e.g.*, (Doc. 107-4, at 3-4, 5-6), that none of these firearms were registered to defendant, *see, e.g.*, (Doc. 107-2, at 5), and that many of the firearms were "ghost guns," meaning they did not have serial numbers, *see, e.g.*, (Docs. 107-2, at 2; 107-4, at 4, 12; 107-6, at 7). Contrary to defendant's assertion, registration requirements were also often discussed with the grand jury. *See, e.g.*, (Doc. 107-4, at 14). This evidence gave the grand jury more than enough reason to conclude, at this stage, that defendant knew the features of the firearms he was allegedly selling and knew the applicable registration requirements. Such knowledge is easily inferred, in the absence of any testimony by defendant, from these facts.

Thus, even setting aside the presumption of regularity afforded to grand jury proceedings, the Court finds no basis to dismiss Counts 11 through 42 of the Second Superseding Indictment.

## V.  CONCLUSION

The Court finds defendant's third motion to dismiss is untimely and defendant has not shown good cause for his motion as to Counts 12 through 28 and 30 through 42, as well as the firearms listed in Count 10 other than the pipe bomb.  Therefore, as to these counts, the Court **denies** defendant's motion as untimely.

In the alternative for these counts, and as to the remaining counts, the Court finds that the grand jury had competent evidence to establish the essential elements of Counts 8 through 42 of the Second Superseding Indictment (Doc. 28) and **denies** defendant's motion on the merits.

For these reasons, the Court **denies** defendant's third motion to dismiss.  (Doc. 89).  Counts 8 through 42 of the Second Superseding Indictment shall remaining pending.

**IT IS SO ORDERED** this 8th day of January, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa