# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>vs.<br>RAVEN DAMIEN MEADER BURKHOW,<br>　　　　Defendant. | Case No. 19-cr-59-CJW<br><br>**REPORT AND RECOMMENDATION** |

_____

## I.    INTRODUCTION

Before me is Defendant's Motion for Return of Seized Property (Fed. R. Crim. P. 41(g)), filed on January 23, 2025.  (Doc. 185.)  After receiving an extension from the Court (Doc. 188), the Government filed a resistance on March 17, 2025.  (Doc. 189.)

Also before me is Defendant's Motion to Set Aside Declaration of Administrative Forfeiture (18 U.S.C. Section 983(e)), filed on April 1, 2025.  (Doc. 190.)  The Government filed its resistance on June 10, 2025.  (Doc. 195.)  I have determined that no hearing on these motions is necessary.

## II.    FINDINGS OF FACT

Defendant was initially charged by criminal complaint on April 30, 2019.  (Doc. 2 in case 19-mj-149.)  On May 22, 2019, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") authored a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings regarding the property Defendant now seeks to recover ("the Property").  (Gov. Ex. 1.)  Among other things, this notice describes the procedures to contest the forfeiture and lists the items subject to forfeiture.  This notice was addressed to Defendant at the Linn County Jail in Cedar Rapids, Iowa.  Government

1

Exhibit 2 is the same (or very similar) notice sent to Defendant's home address from the same date. The notice was delivered by FedEx to the Linn County Jail and signed for on July 25, 2019. (Government Ex. 8.)

On May 23, 2019, a grand jury returned an Indictment against Defendant. (Doc. 2). On June 19, 2019, a grand jury returned a Superseding Indictment. (Doc. 9.) On September 25, 2019, a grand jury returned a Second Superseding Indictment which contained three forfeiture allegations seeking criminal forfeiture. (Doc. 28.) Forfeiture Allegation 1 pertains to currency and gold bars which the Government alleged was subject to forfeiture as proceeds of the drug transactions alleged in the Second Superseding Indictment. Forfeiture Allegations 2 and 3 pertain to firearms and ammunition. *Id.*

Proof of publication of the notice and intent to forfeit dated October 21, 2019 is shown in Government's Exhibits 3, 4, and 5. Exhibit 3 provides that "notice of the seizure and intent to forfeit was published for thirty (30) consecutive days on the official government web site (www.forfeiture.gov) from May 27, 2019 to June 25, 2019 and was sent to each party who appeared to have an interest in this/these property(ies)." Government's Exhibit 6 shows the dates of publication. Because the final notice of publication was June 25, 2019, the limitations period for filing a motion under 18 U.S.C. § 983(e) expired on June 25, 2024. (Gov. Exs. 3, 6.)

On January 17, 2020, pursuant to a plea agreement, Defendant pleaded guilty Counts 1, 8, 9, 10, 12, and 29 of the Second Superseding Indictment. (Doc. 130.)

> Paragraph 43 of the parties' plea agreement provides:
>
> Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, residence, person, and safe on April 29, 2019, and May 2, 2019. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57B(f) regarding the disposal

of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

Doc. 131 at 26.

Paragraph 44 of the Plea Agreement contains a comprehensive list of the items Defendant voluntarily forfeited. (*Id.*) My Report and Recommendation was filed that same day. (Doc. 132.) I found there was a "requisite nexus between Defendant's offense and the items described in the Second Superseding Indictment's forfeiture allegation and including but not limited to items listed in paragraph 44 of the plea agreement." (*Id.*) On January 21, 2020, the District Court filed an Order accepting my Report and Recommendation. (Doc. 134.)

On November 6, 2020, Defendant was sentenced. (Docs. 163, 164.) The Court did not address forfeiture at sentencing or enter further orders relating to forfeiture of the Property.

## III. THE PARTIES' ARGUMENTS

### A. *Defendant's Motion for Return of Seized Property*

Defendant's Motion for Return of Seized Property asserts the Court has equitable jurisdiction over Rule 41(g) motions filed after the termination of criminal proceedings. Defendant's motion requests the Court order the Government to:

> return all property (not including per se contraband) seized in the search of his person and former residence in Cedar Rapids, Iowa, on or about April 29, 2019. To the extent that any lawfully-owned firearms and ammunition seized during this search cannot be returned to Burkhow's designee, Burkhow requests an order directing the Government to transfer any lawfully-owned firearms and ammunition to a licensed FFL to be sold with proceeds from the sale to return to Burkhow. . . . To Burkhow's knowledge, this Motion is not barred by the Criminal Judgment or Plea Agreement.

3

Doc. 185 at 1. Defendant provides a list of the property he wants returned which includes a cell phone, currency, gold bars, and firearms. Defendant's motion also states:

> [t]he operative indictment --the Second Superseding Indictment-- was issued against Burkhow on September 25, 2019. Dkt. 28. It contained firearms- and drug-trafficking-related offenses. The above-listed property and lawfully-owned friearms [sic] were identified in the indictment's forfeiture allegations. *Id*. at 13-14. It is not known whether the Government attempted to initiate civil or administrative forfeiture of the property at issue.

Doc. 185 at 2. Defendant also states he "cannot recall the exact details" of the Plea Agreement or if it "dealt with forfeiture or abandonment of property or contained a waiver provision regarding a motion for return of property"; that "no preliminary order of forfeiture was entered in this case"; and he does not know if forfeiture was addressed at sentencing. *Id*. at 3.

> Defendant claims the Government lacks a valid continuing interest in the property:
>
> "[w]hen, as here, a Rule 41(g) motion is filed after criminal proceedings have terminated, 'the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.'" *Ramirez*, 260 F. 3d at 1314 (quoting *U.S. v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)); *Jackson v. U.S.,* 526 F.3d 394, 396 (8th Cir. 2007) ("[A] person from whom property is seized is presumed to have a right to its return.")."

Doc. 185 at 4-5. Furthermore, Defendant indicates forfeiture was not addressed at sentencing and therefore, the Government did not perfect its title.

Defendant requests his lawfully-owned firearms be transferred to a third-party Federal Firearms Licensee and sold with the proceeds to be returned to him. He also asserts that Sovereign immunity does not bar return of seized currency:

> [t]he Government may argue that sovereign immunity bars claims for monetary relief in Rule 41(g) proceedings preventing Burkhow from getting his money back. *See U.S. v. Hall*, 269 F.3d 940, 943 (8th Cir. 2001)

4

denying monetary relief for missing property). . . . Burkhow is "seeking *equitable* relief 'notwithstanding the fact that the property at issues is currency.'" *Perez-Colon v. Camacho*, 206 Fed. Appx. 1, 4 (1st Cir. 2006) (quoting *Polanco v. U.S. DEA*, 158 F.3d 647, 652 (2d Cir. 1998)) (emphasis in original).

Doc. 185 at 7.

### B. *Motion to Set Aside Administrative Forfeiture*

Defendant claims this Court has jurisdiction and his motion is timely. Defendant references 18 U.S.C. Section 983(e) and indicates it governs administrative forfeiture. He further states the "statue of limitations accrues on the last day in the 30-day publication-of-notice period and runs for five years." (Doc. 190 at 4.) Defendant claims there is no admissible proof the Government published a notice in accordance with 28 C.F.R. Section 8.9(a). *Id.*

Defendant states there is no evidence that the Government mailed him notice at the Linn County jail. Defendant claims the Government's other efforts at providing notice were also deficient. Defendant indicates that because the Government did not mention publishing notice that it must have failed to do so. Defendant also states that "notice being sent to Burkhow's residence is irrelevant" because the Government knew he was in the Linn County jail. (Doc. 190 at 8.) Defendant admits that actual notice is not required in every circumstance.

Defendant claims the plea agreement's waiver, abandonment, and assignment provisions violate public policy and the Constitution's separation-of-powers principles. Defendant states the Court was obligated to assess the forfeiture at sentencing and include it in its judgment. Defendant indicates the Court must assess proportionality of punishment or make a nexus finding between the crime and property. Defendant concludes this section by stating "the property must be returned as the Plea Agreement's property waiver, abandonment, and assignment provisions are unconstitutional and

5

contrary to public policy." (Doc. 190 at 14-15.)  Finally, Defendant claims the Government cannot perfect its title to the property

## C. The Government's Arguments

The Government asserts that Rule 41(g) is not the proper remedy to set aside an administrative forfeiture because 18 U.S.C. Section 983(e) is the exclusive remedy to set aside the declaration of forfeiture. The Government asserts that the jurisdiction "lies solely in 18 U.S.C. § 983(e) to set aside forfeiture." (Doc. 189 at 7.)

The Government points to exhibits which it claims clearly show the property was administratively forfeited by the ATF. The Government contends Defendant failed to file this notice within the five years required under § 983(e)(3):

> [c]laimants must file challenge to an administrative forfeiture no later than 5 years after final publication date of notice of seizure of property under 18 U.S.C. § 983(e)(3). More than five years have passed between the final publication date of June 25, 2019, and January 21, 2025, the date Defendant seeks relief in his motion filed at Document 185. As such, the Court should deny relief even under 18 U.S.C. § 983(e).

Doc. 189 at 10.

The Government further resists stating that relief is not available because Defendant agreed to forfeiture in his plea agreement. The Government asserts that while it was prepared to pursue judicial forfeiture, it was unnecessary to do so because the administrative forfeiture had been completed by the time of sentencing.

The Government contends Defendant is ineligible to file a motion to set aside a forfeiture under 18 U.S.C. Section 983(e) because it took reasonable steps to provide Defendant notice and because he knew and had reason to know of the seizure of his property within sufficient time to file a timely claim. The Government points to its exhibits showing the Government's efforts to serve him notice of the forfeiture at the Linn County Jail. For example, Exhibit 8 is a July 30, 2019 FedEx receipt signed for

6

by a someone at the "guard/security station" of the jail and addressed to Defendant. The Government's exhibits also show the publication of notice on the forfeiture.gov website in May and June, 2019.

The Government argues that it is not required to show Defendant received actual notice, only that its method of service was reasonably calculated to provide notice. The Government also asserts that Defendant was aware of the seizure because the items were seized from his person and residence during the execution of warrants when he was present.

## IV.    DISCUSSION

Defendant's motion suffers from a misunderstanding of the facts and applicable law. Regarding the facts, as Defendant admits, he does not have a good recollection of his plea agreement:

### A. *Plea Agreement*

As quoted above, paragraph 43 of the parties' plea agreement provides:

> Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, residence, person, and safe on April 29, 2019, and May 2, 2019. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57B(f) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

(Doc. 131 at 26.) The plea agreement was admitted into evidence at Defendant's January 17, 2020 change of plea hearing. At that hearing, per my normal practice, I established that Defendant had reviewed the agreement in detail with his attorney prior to signing it and that his signature indicated that he read, understood, and agreed to the terms of the

7

plea agreement. Furthermore, his initials by each paragraph (including paragraph 43) indicated his agreement to the terms of each paragraph. Also, in the stipulation of facts section of the plea agreement, Defendant stipulated that the currency and gold bars constituted proceeds from his illegal drug and weapons offenses. (Doc. 131.)

It has been over five years since Defendant signed the plea agreement and he indicated he does not have a copy of it. Perhaps this accounts for his apparent misunderstanding of the scope of the property he forfeited. Defendant forfeited "any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's vehicle, residence, person, and safe on April 29, 2019, and May 2, 2019." (*Id.*)

Forfeiture was not addressed at sentencing. Had the forfeiture been completed under 21 U.S.C. Section 853 or 28 U.S.C. Section 2461(c), as charged in the Second Superseding Indictment, then Defendant's arguments about what did or did not happen at the time of sentencing might gain some traction. Here, the Government is not arguing, as Defendant suggests, that he forfeited his interest in the property merely by executing the plea agreement[1] without the Court ordering forfeiture as part of his sentence. Instead, the Government argues that the administrative forfeiture discussed below is sufficient to bar Defendant's claim to the Property.

### B. Administrative Forfeiture

There was no preliminary order of forfeiture entered and forfeiture was not addressed at sentencing because the Government conducted and completed an administrative forfeiture of the Property. "As part of an administrative forfeiture conducted by ATF pursuant to 18 U.S.C. Section 983, on or about May 22, 2019, ATF

---

[1] The fact that Defendant agreed to forfeit all the Property in his plea agreement does make it hard for him to argue he was unaware of the seizure and ultimate forfeiture. It also makes it difficult for him to make any compelling argument that anything about the ultimate forfeiture is inequitable.

8

sent notice to Defendant" which contained a lengthy list of all property the Government sought to forfeit. "Each of the notices contain instructions on how to contest the forfeiture of this property. Defendant filed no claim . . . ATF entered its Declaration of Administrative Forfeiture on October 21, 2019." (Doc. 189 at 3-4.)

The Government is correct, Rule 41(g) is not the proper remedy to set aside the administrative forfeiture, 18 U.S.C. Section 983(e) is the exclusive remedy to set aside the declaration of forfeiture. Here, Defendant's efforts to set aside the administrative forfeiture are time-barred. The final notice of publication was June 25, 2019. Therefore, the limitations period for filing a motion under 18 U.S.C. § 983(e) expired on June 25, 2024.

The Government is also correct that, even if the motion was timely, Defendant has not established any basis for setting aside the administrative forfeiture under 18 U.S.C. Section 983(e) which provides:

(e) Motion to set aside forfeiture.--

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—

(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

Here, the Government's efforts to notify Defendant were reasonably calculated to provide actual notice of the forfeiture. *See Dusenbery v. United States*, 534 US 161, 171-73 (2002) (method of notice must be reasonably calculated to provide actual notice

9

but the Government need not prove that claimant actually received notice). Moreover, Defendant not only knew of the seizure of the items because of his presence at the execution of the warrants, he also knew of the seizure *and the Government's intent to forfeit the property* when he signed the plea agreement on January 9, 2020. (Doc. 131.) Notice of the seizure alone is sufficient. "[A]ctual notice of the seizure of the subject funds . . . precludes any right to relief under § 983(e)." *Miller v. Drug Enf't Admin.*, 566 Fed. Appx. 395, 397 (6th Cir. 2014)(unpublished). "[T]he plain language of the statute only requires that petitioner have notice of the seizure." *Webb v. United States*, No. 4:18 CV 510 RWS, 2018 WL 4026732, at *2 (E.D. Mo. Aug. 22, 2018).

Defendant argues, in pertinent part, "The Government's arguments regarding waiver, abandonment, and/or assignment provisions within the Plea Agreement are another thing. Dkt. 189 at 12-13. These provisions are designed to circumvent the positive law enacted by Congress to protect citizens from arbitrary deprivations of their property. They are designed to usurp the judge's role in imposing punishment." (Doc. 190 at 10-11.)

Contrary to Defendant's assertions, the provisions Defendant cites are not designed to circumvent the judge's role in punishment or forfeiture. Rather, they are designed to facilitate it. Had the Government sought forfeiture at sentencing, the provisions in the Plea Agreement Defendant is now complaining about would have allowed the Court to proceed with the forfeiture as agreed by the parties.

In the event, the Government did not proceed to judicial forfeiture under 21 U.S.C. Section 853 or 28 U.S.C. Section 2461(c). Instead, the Government, through the ATF, proceeded with forfeiture pursuant to 18 U.S.C. Section 983. (Gov. Ex. 6.) By the time of sentencing, the Government had completed forfeiture under an administrative process contained in a different United States Code provision which, to use Defendant's terminology, is also "a positive law enacted by Congress to protect citizens from arbitrary

10

deprivations of their property." Defendant's argument cannot be read to assert that this statute and the administrative forfeiture proceedings it established are unconstitutional. If he intended to make such an argument, he failed to brief it.

Defendant argues that there is no "admissible proof" substantiating the ATF's efforts to notify him or that it published notice. Defendant does not explain why the Government's documentation of its efforts to notify and publish are not admissible in the context of his Rule 41(g) motion or his Motion to Set Aside Declaration of Administrative Forfeiture. This is not a motion for summary judgment in a civil matter where a statement of facts must be supported by an affidavit or declaration. Fed. Rule Civ. P. 56(c)(4). Under these circumstances, there is no reason to treat the Government's exhibits supporting notice and publication as anything other than what they purport to be.

Finally, the Defendant predicted the Government would assert that sovereign immunity precluded his claim. The Government asserted no such defense. Nevertheless, it makes no difference to the conclusion that Defendant has forfeited his rights to the Property he now seeks to recover.

## V.    CONCLUSION

I respectfully recommend that Defendant's Motion for Return of Seized Property (Fed. R. Crim. P. 41(g)) **Doc. 185** and Motion to Set Aside Forfeiture **Doc. 190** be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. Section 636(b)(l) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to

appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

      **DONE AND ENTERED** this 23rd day of June, 2025.

                                             *[signature]*

                              Mark A. Roberts, United States Magistrate Judge
                              Northern District of Iowa